Hillsborough,
No. 4473.

SAMUEL A. MARGOLIS, *Tr.*

*v.*

SAINT PAUL FIRE AND MARINE INSURANCE CO. *& a.*

Argued June 5, 1956.
Decided October 2, 1956.

304

*Broderick, Manning & Sullivan* (*Mr. Broderick* orally), for the plaintiff.

*Sheehan, Phinney & Bass* (*Mr. Phinney* orally), for the defendants.

GOODNOW, J.  A policy of fire insurance issued in conformance with the standard requirements in this state, as were the policies in question, provides that if it is assigned with the assent of the insurer, the assignee "may bring an action thereon" and "may recover the full amount due upon the policy."  RSA 407:23, made a part of the contract of insurance.  If the insurer's assent is not secured, it is a condition of the policy that it shall be "void and inoperative during the existence or continuance" of that condition.  This provision is "based upon the idea that the risk and hazard of loss may be increased by a change of ownership."  *Dudley* v. *Company*, 82 N. H. 167, 168.  It is not required, however, as claimed by the plaintiff, that such an assignment be shown to have actually increased the risk materially in order that the policy be inoperative and void.  See *Golding-Keene Co.* v. *Insurance Company*, 96 N. H. 64, 68.  The stipulation is one which is concerned with the insurer's indemnity obligation to the named insured as the other party to the contract of insurance and is intended to make the benefits of the policy unavailable unless and until the insurer's assent to accept the assignee in substitution for the original insured is given, without regard to whether the assignment actually results in a material increase in the risk.

This condition does not, however, make an assignment without consent "void, and so no assignment," as claimed by the defendants.  *Dube* v. *Fire Ins. Co.*, 64 N. H. 527, 528.  Such an assignment, made in connection with the sale of the insured property, operates to transfer ownership of the policy to the assignee and authorizes him to seek the consent of the insurer to the assignment.  *Bealmer*

v. *Hartford Fire Ins. Co.*, (Mo. App.) 225 S. W. 132; Couch Insurance, s. 1450d. As owner of the property and the unexpired fire insurance thereon, the assignee acquires the right to have the policy transferred to him without payment of a further premium, provided the insurer agrees to it, or, if the insurer shall not agree, to have paid to him the unearned premiums on the policy upon its surrender to the insurer. *Bealmer* v. *Hartford Fire Ins. Co.*, (Mo. App.) 193 S. W. 847; Couch, Insurance, s. 1450r.

The named insured in this case, Goodman's Furniture Exchange, Inc., made an assignment of all its assets for the benefit of creditors in January, 1951. This assignment transferred the policies in question to the assignee, not as incident to the assignment of the property insured (*Dudley* v. *Company*, 82 N. H. 167, 168), but as separate items of property which belonged to the corporation and were "an integral part" of its assets. *Dube* v. *Fire Ins. Co.*, 64 N. H. 527, 528.

The assignee for benefit of creditors apparently took no action to secure the assent of the insurers to this transfer of the policies. Instead, as was agreed by the parties at pre-trial conference, "Goodman's Furniture, Inc. . . . purchased all the assets of Goodman's Furniture Exchange, Inc. from the assignee for the benefit of creditors" in February, 1951.

In the hands of the assignee for benefit of creditors, the policies were "void and inoperative," the insurers not having assented to that assignment. However, the assignee continued to be entitled to have the policies transferred to him without payment of further premiums provided the insurers assented thereto, and failing that, to receive payment of the unearned premiums upon surrender of the policies for cancellation. Thus the policies had a value which was not so uncertain as to preclude their subsequent assignment to Goodman's Furniture, Inc. by the assignee for benefit of creditors. See *Grant* v. *Nelson*, 100 N. H. 220. They were part of "all the assets of Goodman's Furniture Exchange, Inc." which were sold by the assignee for benefit of creditors to Goodman's Furniture, Inc. By this purchase, Goodman's Furniture, Inc. acquired the policies and stood in the same position as it would have had it been an assignee of the named insured.

The new corporation continued doing business at the same location and requested the defendants' agent to transfer the coverage provided by the policies to it, thereby requesting in effect that the defendants assent to the assignments. That they did not do so is

conceded by the plaintiff. The issue presented by his exceptions to the granting of directed verdicts is whether the jury, construing the evidence most favorably to him and drawing all reasonable inferences from it (*French* v. *York*, 99 N. H. 90, 91), could have found that the defendants waived the provisions of the policies making them void and inoperative or are estopped to assert those provisions.

"A waiver is the voluntary relinquishment of a known right. It . . . involves two principal considerations, actual knowledge of the existence of the right and an intention to relinquish it." *Bowen* v. *Casualty Co.*, 99 N. H. 107, 112. It is apparent from the record that at least four months before the fire, the defendants had actual knowledge of the assignments of the policies. The question is whether it could be found that they thereafter intended to waive the provisions making the policies void and inoperative. Such an intention may be "based upon conduct under the circumstances justifying an inference of" a waiver. *Bowen* v. *Casualty Co., supra*, 112. The plaintiff contends that the defendants' conduct in retaining the unearned premiums without notifying Goodman's Furniture, Inc. that they would not assent to the assignments of the policies was such that a finding of implied waiver could have been made. With this we cannot agree.

Taken most favorably to the plaintiff the evidence indicates that no notice was ever received by Goodman's Furniture, Inc. that the defendants would not transfer the coverage, but the defendants' agent did ask by letter that the policies be returned "to be cancelled." In response to this request, William Resnick, the president and treasurer of Goodman's Furniture, Inc. as well as the predecessor corporation, Goodman's Furniture Exchange, Inc., called the defendants' agent who "asked if I was going to return the policies. I told him . . . that as long as they were paid for I would keep them until they expired." In the succeeding months before the fire, the defendants' only contact with Goodman's Furniture, Inc. occurred in July when one of their representatives had some conversation with Resnick concerning the whereabouts of the policies and as a result, on July 17, 1951, sent to Goodman's Furniture, Inc. lost policy receipts in connection with the policies in question with a request that they be completed and returned to the defendants' agent or that the policies themselves be returned if located. They did nothing to cancel the policies or return a ratable proportion of the premiums as they were entitled but not required to do under the terms of the policies.

The assignment of the policies rendered them void and inoperative unless and until the insurers assented thereto. The policies so provided in express language and no action on the part of the defendants was required to make them so, either when the assignments became known to them or when Goodman's Furniture, Inc. requested the transfer to it of the coverage provided by them. Upon receiving this request, the defendants were clearly under no duty to comply. Nor did the policies require them to inform Goodman's Furniture, Inc. that they would not do so. No agreement ever existed between the defendants and Goodman's Furniture, Inc. and neither the assignment of the policies nor the defendants' knowledge thereof operated to create one. *Dudley* v. *Company*, 82 N. H. 167, 169. Since the defendants were under no duty to do so, the plaintiff's evidence that they failed to notify Goodman's Furniture, Inc. that they would not transfer the coverage was no indication of an intention on their part to waive the provisions rendering the policies void and inoperative. *Sargent* v. *Company*, 82 N. H. 489.

Nor did their failure to return unearned premiums indicate such an intention. The only duty which the defendants owed to the assignee of the policies was to refund part of the premiums in the event that the policies were surrendered to them for concellation, an action which Goodman's Furniture, Inc. could take or not as it saw fit. Neither Resnick's failure to do so nor his insistence that he "would keep them until they expired" operated to transform the defendants' right to await surrender of the policies into a duty to take affirmative action to cancel the void and inoperative policies and rid themselves of a portion of the premiums at the risk of reinstating the policies if they did not do so. As the assignee of policies which were void and inoperative in its hands, Goodman's Furniture, Inc. did not fall within the rule set forth in *McCracken* v. *Insurance Co.*, 94 N. H. 474, 477, on which the plaintiff relies.

The plaintiff's claim that this evidence would support a finding of estoppel is equally untenable. Estoppel involves a reasonable reliance upon the act, conduct or non-action of another. *Bowen* v. *Casualty Co.*, 99 N. H. 107, 113. If Goodman's Furniture, Inc. did in fact rely to its prejudice upon the defendants' conduct in retaining unearned premiums without notifying it that it would not assent to the assignment of the policies, its reliance was not reasonable, there having been no duty upon the defendants to return the premiums until it received the policies or to notify Goodman's Furniture, Inc. that it did not assent to the assignments. *Dudley* v. *Company*, 82 N. H. 167, 168.

The offer to prove that the defendants' agent, acting for other companies, had failed to cancel and return premiums in connection with other policies which it had in force with the assignor, Goodman's Furniture Exchange, Inc., was properly excluded. This evidence would have furnished no support to the plaintiff's claim that the defendants intended to waive their rights under the policies in question, or are estopped to do so. See *Commercial Cas. Co.* v. *Mansfield,* 98 N. H. 120, 128. No offer was made to prove that the defendants' agent intended by its conduct to waive the rights of the other insurers to treat their policies as void, and its failure to cancel and return premiums as to those policies was not evidence of a practice followed by the agent upon which Goodman's Furniture, Inc. was entitled to rely. See *Appleton* v. *Insurance Co.,* 59 N. H. 541; *Federal Insurance Co.* v. *Sydeman,* 82 N. H. 482.

Following the fire on July 27, 1951, Goodman's Furniture, Inc. made claim against the defendants under the policies in question. The defendants, through the General Adjustment Bureau, Inc., thereupon undertook an investigation of the claim. On August 29, 1951, that agent of the defendants and William Resnick, as president of both Goodman's Furniture Exchange, Inc. and Goodman's Furniture, Inc., entered into a non-waiver agreement by the terms of which it was specifically agreed "by and between the above named assured" and the insurance companies that "anything done or to be done by said insurance companies or on their behalf, in connection with the above described loss, including any investigation into cause or amount of loss or damage or other matter relating thereto, shall not waive, invalidate, forfeit or modify any of their rights under the terms and conditions of the respective policies issued by them." On the line provided in this form for the name of the assured the names "Goodman's Furniture Exchange, Inc. and/or Goodman's Furn. Inc." were entered by the defendants' agent and the agreement was signed by William Resnick as president of both corporations. On January 23, 1952, an agreement as to the amount of the loss was entered in the bottom half of the same form and signed by the adjustment bureau for the defendants and by Resnick for the corporations. Thereafter, the insurers refused to pay the loss in accordance with the terms of the policy.

The plaintiff offered to prove that during the course of this investigation Goodman's Furniture, Inc., at the request of the representatives of the defendants, engaged an accountant at an

expense of $1,193 to reconstruct its books which were partially destroyed by the fire, which offer was excluded subject to the plaintiff's exception.

It is not disputed by the plaintiff that the action of the defendants' agent in undertaking to investigate the claim of Goodman's Furniture, Inc. under this agreement was in no sense evidence of a waiver of the provisions making the policies void and inoperative because of their assignment, in spite of the defendants' knowledge of that fact. He does contend, however, that the insertion of the names "Goodman's Furniture Exchange, Inc. and/or Goodman's Furn. Inc." by the defendants' agent on the line provided in the non-waiver agreement for the name of the assured evidenced an intention on the part of the defendants to waive those provisions. This contention cannot be supported.

Non-waiver agreements are intended to expedite a just estimate of the loss, leaving for later determination the question of liability. The subject matter of the agreement in this case was a determination of the cause and amount of the loss and not the identity of the person or persons entitled to the benefits of the policies. The inclusion of both the named insured and the assignee claimant on an and/or basis is indicative of the agent's intention to make no determination on this latter question and in no way indicated a waiver of the defendants' rights to deny coverage as to Goodman's Furniture, Inc.

Nor would the proffered evidence as to the expenses incurred by the assignee of the policies at the request of the defendants' agent have indicated such a waiver. While a non-waiver agreement may itself be waived by the insurer under some circumstances (anno. 33 A. L. R. (2d) 684), the evidence which the plaintiff sought to introduce would have furnished no basis for a finding of such a waiver. The books of Goodman's Furniture, Inc. had been partially destroyed by fire. Its "gross earnings," referred to in the policies as a basis for determining loss, could not be determined without a reconstruction of the books. There was nothing contained in the offer of proof as to the conduct of the defendants' agent to indicate that the defendants "did not intend to insist on [the] breach as a defense against the plaintiff's claim." *Carr* v. *Insurance Co.*, 60 N. H. 513, 519. The request was something "done by said insurance companies . . . in connection with the . . . loss," an act which the agreement specifically provided should not waive any

rights of the defendants under the policies.   The proof was properly excluded.

*Judgments for the defendants.*

All concurred.